IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gary Rowland Knight, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 8:22-cv-3173-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Pickens County Detention Center and ) | |
| Ms. Makayla, *Head Nurse*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Gary Rowland Knight, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 20, 2022, the magistrate judge issued an order granting Plaintiff twenty-one (21) days in which to bring the case into proper form. (ECF No. 8). The order also advised Plaintiff of his duty to keep the court informed as to his current address. *Id*. at 3. The magistrate judge warned Plaintiff that if he failed either to bring the case into proper form within the time permitted or to keep the court informed of his current address, his case may be subject to dismissal. *Id*. at 2, 3. The magistrate judge simultaneously entered an order (the "Amendment Order") informing Plaintiff that his Complaint is subject to summary dismissal, identifying the deficiencies in the Complaint, and granting Plaintiff twenty-one (21) in which to file an amended complaint curing the deficiencies identified therein. (ECF No. 10). The proper form order and Amendment Order were both mailed on September 20, 2022, to Plaintiff at the address he provided to the court, (ECF No. 11), and neither has not been returned to the court has undeliverable. Accordingly, Plaintiff is presumed to have received the proper form order and the Amendment Order. Nevertheless,

1

Plaintiff has not filed any of the documents necessary to bring the case into proper form, nor has he submitted an amended complaint or any response to the magistrate judge's Amendment Order.

On October 18, 2022, the magistrate judge issued a Report and Recommendation ("Report"), recommending the court dismiss this action for failure to state a claim against Defendants. (ECF No. 14). The Report also notified Plaintiff of his right to file objections thereto. *Id*. at 12. The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 15), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. To date, Plaintiff has failed to file any objections to the Report and the time in which to do so has long expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 14), which is incorporated herein by reference. Accordingly, this case is **DISMISSED with prejudice** and without issuance and service of process.[1]

IT IS SO ORDERED.

s/Timothy M. Cain<br>United States District Judge

November 18, 2022
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] This action constitutes a "strike" pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321–71 (1996), based on Plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25, 207 L. Ed. 2d 132 (2020) (noting "[a] strike-call under Section 1915(g) ... hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect[,]" such that the three-strike rule applies equally to dismissals without prejudice).